IN THE

# SUPREME JUDICIAL COURT,

IN THE

## COUNTY OF CUMBERLAND,

ARGUED AT APRIL TERM, 1842.

### THE STATE *versus* ISAAC STURDIVANT.

To sustain, on demurrer, an indictment for erecting and continuing a public nuisance, obstructing " Portland harbor, situate and being between the city of Portland and the town of Cape Elizabeth, and also wholly situate and being in the county of Cumberland, " it is necessary that it should allege, that the part of the harbor in which the obstruction was erected was within the bounds of the city of Portland, or of some other town ; and the place where the erection was, must be described in a manner that shall be certain to a common intent, and be averred to be within the county.

An allegation in an indictment, for erecting a nuisance, that the said S. at, &c. " unlawfully, wilfully and injuriously did erect, place, fix, put and set in the said harbor, and ancient and common highway there, *a certain part of a wharf, it being a part of a wharf owned by the said S. and known by the name of Weeks' wharf,*" and has unlawfully, &c. continued the same, is a defective and insufficient description of the nuisance.

AN indictment was found in the Court of Common Pleas for the county of Cumberland of which a copy follows.

" The jurors for said State upon their oaths present, *that a certain part* of Portland Harbor, situate and being between the city of Portland and the town of Cape Elizabeth, and also wholly situate and being in the said county of Cumberland, is and from time whereof the memory of man is not to the contrary, hath been an ancient harbor and an ancient and common highway for all the citizens of the said State, with their ships, lighters, boats and other vessels to navigate, sail, row, pass and

VOL. VIII.        2

State v. Sturdivant.

re-pass, and labor, at their will and pleasure, without any obstructions or impediment whatever. And the jurors aforesaid, upon their oaths aforesaid, do further present, that Isaac Sturdivant of said Portland, gentleman, on the twentieth day of July, in the year of our Lord, eighteen hundred and thirty-two, and on divers other days and times, between that day and the day of the taking of this inquisition, at Portland aforesaid, unlawfully, wilfully and injuriously did erect, place, fix, put and set in the said harbor and ancient and common highway there, *a certain part of a wharf*, it being a part of a wharf owned by the said Sturdivant, and known by the name of " Weeks' wharf," and that the said Sturdivant from the day and year first aforesaid hitherto, at Portland aforesaid, the said part of said wharf, unlawfully, wilfully and injuriously hath continued, and still doth continue so erected, placed, fixed, put and set in the said harbor and ancient and common highway aforesaid ; by means whereof the navigation and free passage of, in, through, and along and upon the said harbor, and ancient and common highway there, on the day and year first aforesaid, and from thence hitherto, hath been and still · is greatly obstructed, straitened and confined ; so that the citizens of said State, navigating, sailing, rowing, passing, re-passing and laboring with their ships, lighters, boats, and other vessels, in, through, along and upon the said harbor and ancient and common highway, there on the same day and year aforesaid, and from thence hitherto, could not, nor yet can navigate, sail, row, pass, re-pass and labor with their ships, lighters, boats and other vessels, upon and about their lawful and necessary business, affairs and occasions in, through, along and upon the said harbor and ancient and common highway there, in so free and uninterrupted a manner, as of right they ought, and before have been used and accustomed *to do, to the great damage and common nuisance of all* the citizens of said State, navigating, sailing, rowing, passing, re-passing and laboring with their ships, boats, lighters and other vessels in, through, along and upon the said harbor and ancient and common highway there, and against the law, peace and dignity of the State aforesaid."

State v. Sturdivant.

The indictment was duly authenticated by the signatures of the foreman of the jury and the county attorney.

The papers do not show in what manner the case came into the Supreme Judicial Court, but it appears from them, that at Nov. Term of this Court, 1841, Sturdivant demurred to the indictment, assigning the following causes therefor:—

1. Because the indictment does not contain a sufficient description of the bounds, *termini* and location of said Portland harbor to enable the said Sturdivant to answer thereto.

2. Because it is not alleged and set forth in said indictment in what part of said harbor said wharf and said supposed nuisance is situated.

3. Because it is not alleged and set forth in said indictment what part of said wharf obstructs said harbor, and is a common nuisance to the citizens of said State.

There was a joinder in demurrer in behalf of the State by the Attorney General.

*Howard* and *W. Goodenow* argued for Sturdivant, and contended, that the indictment was bad because there was no allegation that the wharf was below low water mark. He had a right to go to low water mark, and the indictment does not state what part of the wharf is a nuisance, that he may know how to defend himself, or the Court know how to punish on conviction, or the officer know what part of the wharf to remove or abate as a nuisance. For any thing appearing in the indictment, part of the harbor may be a public highway, and part not, and the wharf may encroach upon the part which is not a highway ; nor does it show what part is a highway and what is not. The whole indictment is too indefinite and uncertain to found a conviction upon it. The demurrer admits nothing· but what is legally and formally alleged. 1 Chitty's Cr. Law, 138, 139, 140 ; 1 Russel on Cr. 304 to 306 ; *Commonwealth* v. *Hall,* 15 Mass. R. 240.

*Bridges,* Attorney General, said that the demurrer admitted that Portland harbor was a public highway, and that the defendant's wharf obstructs it. Whether it was above or below

low water mark was a matter of fact to be settled by the evidence, and is not open on demurrer.

It is not necessary to state in the indictment the particular boundaries or limits of the highway, or in what particular portion of it the nuisance is placed. It is sufficient that it is alleged to be in the highway. *Commonwealth* v. *Hall*, 15 Mass. R. 220.

It is not necessary to give a description of the boundaries of Portland harbor. The name of the harbor is given, and its bounds and extent are mere matter of proof. So too the wharf is as accurately described as is useful for any purpose. The extent of the wharf can be as easily determined by evidence, as if the names of the adjoining owners or occupants were given. If a particular description had been given of the harbor, or of the wharf, a variance in any particular would have been fatal. Known by the name of *Weeks' wharf*, or *Portland harbor*, is as certain as any description can make it. 2 Chitty's Cr. Law, 374 and notes; 1 Burr. 333.

The opinion of the Court was drawn up by

WHITMAN C. J. — To the indictment, which is against the defendant for erecting a public nuisance, obstructing the navigation of Portland harbor, he demurs; and assigns his causes of demurrer. The first is, that the indictment does not contain a sufficient description of the bounds, termini and location of Portland harbor; nor of the place in the harbor where the nuisance is alleged to be. But it has been often determined, that it is not necessary to describe the termini and width of a highway in indictments for erecting nuisances thereon; nor otherwise to describe its location, than by alleging it to be in some known place, within the county; and so that if it should be required of the sheriff or other officer, charged with the execution of final process, to abate it, he might be enabled to act understandingly in doing it; and, at the same time, so that the accused should not meet with unreasonable difficulty in knowing or ascertaining the place intended; and, if there be any difficulty in any such particular, that advantage

can be taken of it by plea in abatement. *Rex* v. *Hammond*, 1 Str. 44; *Rex* v. *Hammersmith*, ib. 357; *Rex* v. *Pappineau*, 2 ib. 686; *Rex* v. *White & al.* 1 Burr. 333; *Commonwealth* v. *Hall & al.* 15 Mass. R. 240.

Portland harbor is a place known to a common intent; and it is averred, in the indictment, that the part of it, in which the offence is alleged to have been committed, is in the county of Cumberland. The government must prove that the defendant erected the nuisance as alleged, or fail in their prosecution. It does not appear, and may not be a fact, that the part of Portland harbor, in which the obstruction was erected was within the bounds of the city of Portland, or of any other town; and in such case could not be described as being in any such place; and the place, where the erection was, must be described in a manner that shall be certain to a common intent, and be averred to be within the county; and the indictment describes it as having been erected in a part of Portland harbor, within the county of Cumberland.

But it is further alleged, as a cause of demurrer, that the nuisance itself is defectively described. The allegation in the indictment is, that it was a part of a wharf, owned by the defendant, and known by the name of Weeks' wharf. The nuisance complained of should undoubtedly be so described, that it can be abated, without doing violence, unreasonably to the rights of other persons. The nuisance is alleged to consist of a part of a wharf. It is to be presumed that the residue of the wharf is no nuisance; and ought not to be unnecessarily injured in removing the part complained of; and much less ought it to be endangered by the want of accuracy in the description of the part complained of. Now what is the part intended to be described in the indictment as a nuisance? Is it at one end or at the other? or on one side or the other of the wharf? It does seem to be important that this should be clearly indicated; and that the part offending should be distinguishable from that which is innocent. It is said to be a part of a wharf, owned by the defendant. Suppose it

to be a fact, that he owns but a part of the wharf, in what way is it to be ascertained what part he does own? But suppose he owns the whole of the wharf, the description will be left still more indefinite. It can scarcely be contended that, the place called Weeks' wharf covers but a part of the wharf, and therefore is descriptive of the part against which the indictment was intended to be found. On the whole, it does seem that this description is too vague, uncertain and indeterminate. And the indictment for that cause must be adjudged bad.